[No. 18435.   Department Two.   March 31, 1924.]

GEORGE H. HAMILTON, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION—CAUSE OF INJURY—EVIDENCE—SUFFICIENCY. A finding that an injury to a workman's eye was caused by sawdust blown into the eye, causing infection and not by an operation, is supported by his positive testimony as to the result following the injury, which all the experts testified might have caused the condition.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered July 21, 1923, reversing an order of the department of labor and industries denying a claim for compensation. Affirmed.

*The Attorney General* and *R. G. Sharpe, Assistant,* for appellant.

*John D. Ehrhart,* for respondent.

BRIDGES, J.—The plaintiff filed a claim with the defendant, seeking to be paid for the loss of his right eye. Upon its rejection he appealed to the superior court of Grays Harbor county, where judgment was entered in his favor. The case is here for review on defendant's appeal.

The only question involved is one of fact, namely; did the respondent lose his eye as the result of sawdust flying into it, while employed in the operation of a drag saw.

The testimony is as follows: For some months respondent had suffered from neuralgia in the right side of his face. He had consulted several physicians and finally, in October, 1921, became a patient of Dr. Joyce, of Portland. This doctor, being unable to relieve the suffering, performed an evulsion of the root of the

[1]Reported in 224 Pac. 387.

fifth nerve on the right side of the face.  This operation had the effect of depriving respondent's right eye and portions of the face surrounding it of the sense of feeling.  The eyesight, however, continued to be normal.  It was something more than a month after this operation that, while engaged in his ordinary duty of operating a saw, a gust of wind blew sawdust in his eyes.  On the evening of the same day, and on the days immediately following, the sight of his right eye began to grow dim.  The eye was somewhat inflamed.  He complained about it and several persons looked in his eye to discover some foreign substance.  There was no pain, however, because the result of the previous operation had deprived the eye of sensation of pain,  For several days he continued to get worse, and about the first of December again consulted Doctor Joyce.  At that time the eye was in very bad shape and had ulcers on it.  Dr. Joyce advised respondent to consult an eye specialist in Portland, which was done.  The usual treatment did not seem to accomplish any good and in a few days it was found necessary to remove the offending eye.

The testimony of the experts shows that the operation performed by Dr. Joyce would have the effect of interfering, to a greater or lesser extent, with the winking of the right eye, thus interfering with the natural bathing of the eyeball.  If there is no winking of the eye, the eyeball will become dry and ultimately ulcers will form on it.  The weight of the testimony shows, however, that at no time after the first operation by Dr. Joyce did the respondent have an entirely dry eye. Four experts testified; two of them stating that generally the operation performed by Dr. Joyce, while proper in this case, might and probably would cause such dryness to the eye as to cause ulcers, making removal necessary.  The other two experts testified that

seldom would such an operation, in itself, cause a loss of the eye, and that such a loss is usually caused by some foreign substance in the eye, causing ulcers.

If there were no testimony showing that a foreign substance had been cast in the eye, doubtless it would be necessary to hold, under the expert testimony, that the respondent had not met the burden of proof imposed upon him. But here we have positive testimony of sawdust having blown into the eye and an apparent infection resulting, as shown by the inflammation which immediately followed, and also by an ever increasing dimness of the eye. The respondent testified that, immediately before getting the sawdust in his right eye, its sight was good, and that at once thereafter it began to grow dim and continued to do so until the eye was removed. All of the experts testified that foreign matter, such as sawdust, coming into the eye may cause ulcers thereon and necessitate removal. It seems to us, under these circumstances, that the appellant proved his case and that the judgment of the trial court was right, and we affirm it.

MAIN, C. J., FULLERTON, PEMBERTON, and MITCHELL, JJ., concur.